IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:20-CV-00519-M

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | DEFAULT JUDGMENT |
| v. | ) | OF FORFEITURE |
| | ) | |
| $21,980.00 IN U.S. CURRENCY, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on Plaintiff United States of America's Motion for Default Judgment against the Defendant [DE 11]. Plaintiff alleges that Defendant is a seizure of $21,980 in United States currency from Justice Kirkland, Bryan Ingram, and Reginald Hudson, which "constitutes money furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of the Controlled Substances Act, proceeds traceable to such an exchange, and/or money used or intended to be used to facilitate a violation of the Controlled Substances Act." *See* Compl., DE 1; Declaration of Paul D. Summerlin ("Decl.") at 7-12, DE 1-1. According to the declarant in this case, Kirkland, Ingram, and Hudson were passengers in a vehicle stopped by law enforcement for weaving in traffic; when the officer approached, he could smell marijuana; the officer's search of the vehicle and the passengers yielded the currency, several bags of marijuana, and drug paraphernalia; and, when asked about the money, the passengers' stories differed. Decl. at 7-12. The declarant concluded that, "[b]ased on the inconsistent stories from the three occupants on how they obtained the currency, how much it was, and who it belonged to, the three occupants traveling to a source city [Atlanta], Ingram admitting to his prior drug charges, the manner in which the money was packaged and transported,

and the narcotics located in the vehicle . . . Deputy Paschall decided to seize the money," believing it to "be derived from or being used to fund a criminal enterprise." *Id.* at 13. Kirkland accompanied the officer to a bank where the money was counted, and Kirkland signed a receipt. *Id.* A "K9" officer alerted to the presence of narcotics on the currency. *Id.*

It appears from the record that Plaintiff provided direct notice of this *in rem* forfeiture matter to known claimants Kirkland, Ingram, and Hudson (DE 7-1, 7-2, 7-3) and separately published the requisite notice on an official internet government forfeiture site in accordance with Rule G(4) of the Supplemental Rules of Admiralty or Maritime Claims and Asset Forfeiture (the "Supplemental Rules"). Accordingly, with due notice having been provided by the United States as required under the Supplemental Rules, the court finds that:

1. The verified Complaint and attached Declaration of Task Force Officer Paul Summerlin [DE 1, DE 1-1] satisfy the requirements of Fed. R. Civ. P. Supp. R. G(2);

2. Process was duly issued in this cause and the Defendant was duly seized by the United States Marshals Service pursuant to said process;

3. No person has filed any claim to the Defendant nor answer to the Plaintiff's Complaint within the time fixed by law and in accordance with the requirements of the Supplemental Rules;

4. On March 26, 2021, this court entered default in this action [DE 15];

5. The present motion was mailed to the known claimants on April 26, 2021 [DE 13], but the court received no response within the time required pursuant to Local Civil Rule 7.1(f)(1); and

6.  The well-pled allegations of the Complaint with respect to the Defendant are taken as admitted, as no one has appeared to deny the same.

Based upon the above findings, it is hereby ORDERED that:

1.  The motion is GRANTED and default judgment is entered against the Defendant;

2.  All persons claiming any right, title, or interest in or to the Defendant are held in default;

3.  The Defendant is forfeited to the United States of America for disposition according to law;

4.  The United States shall have clear title to the Defendant and may warrant good title to any subsequent purchaser or transferee pursuant to 21 U.S.C. § 853(n)(7); and

5.  Upon the entry of this judgment, the Clerk of Court is DIRECTED to close this case.

SO ORDERED this 19th day of May, 2021.

*Richard E Myers II*
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE